**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Gilbert Charles Desjardins

    v.     Case No. 22-cv-155-SE

Norman Lasda, President,
Barnstormers, et al.

### Report and Recommendation

Gilbert Charles Desjardins, who is proceeding pro se and in forma pauperis, brought suit against the officers of an organization identified as Barnstormers, alleging that they refused to allow Desjardins to sing with the Barnstormers because of a "transgender issue." The complaint is referred for preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

### Standard of Review

The court conducts preliminary review of complaints filed in forma pauperis. See § 1915(e)(2). Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter,

accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Discussion

Desjardin's complaint provides few facts.  Desjardin alleges Norman Lasda, President of the Barnstormers, said that Desjardin was not welcome to sing with the Barnstormers and that all of the officers agreed with that decision because of Desjardin's "transgender issue."  Desjardin states that the basis of the claim against the Barnstormer officers is gender discrimination in violation of the Fourteenth Amendment.

Because there is no private right of action under the Fourteenth Amendment, Fourteenth Amendment violations must be addressed pursuant to 42 U.S.C. § 1983.  See Campbell v. Bristol Community College, 16-11232-FDS, 2018 WL 457172, at *2 (D. Mass. Jan. 17, 2018).  "Section 1983 provides a private right of action against any person who, while acting under color of state law, deprives another (or causes another to be deprived) of rights secured either by the Constitution or by federal law." Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538, 543 (1st Cir. 2021) (citing § 1983).

To state a claim under § 1983, a plaintiff must allege sufficient facts to show that the defendants were acting "under color of state law" when they caused a deprivation of a federal right.  Id.  Actions under color of state law generally are actions by governments or government officials or employees and not actions by private parties.  Id.

Desjardin has not alleged facts that show that the Barnstormer officers named in this were acting under color of state law when they would not let him sing with the Barnstormers.  Nothing suggests that the Barnstormers is a government agency or that the defendants are government officials.  Instead, it appears that the defendants are private parties, which precludes a claim pursuant to § 1983.

### Conclusion

For the foregoing reasons, the complaint (doc. no. 1) should be dismissed on preliminary review for failure to state a claim.

Any objections to this Report and Recommendation must be filed within **fourteen days** of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d

3

554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id.  Failure to file any objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                          _____
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

July 8, 2022

cc:  Gilbert Charles Desjardin, pro se